UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

**DECARLOS SANTEZ CLARK**                                                                                      **PLAINTIFF**

**V.**                                                          **CIVIL ACTION NO. 3:15-cv-631-CWR-FKB**

**LAUDERDALE COUNTY, ET AL.**                                                                          **DEFENDANTS**

### MEMORANDUM AND OPINION AND ORDER OF DISMISSAL

This matter is before the Court *sua sponte* for consideration of dismissal.  *Pro se* Petitioner Decarlos Santez Clark filed this Petition for Writ of Habeas Corpus on a form entitled Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody [1].  Clark is a pretrial detainee presently incarcerated at the Lauderdale County Detention Facility in Meridian, Mississippi.  Upon review of the Petition [1], together with the applicable law, the Court finds that this case should be dismissed for the following reasons.

### Section 2241

Petitioner filed his claim on a Section 2254 habeas form, but his request for habeas corpus relief is properly brought pursuant to 28 U.S.C. § 2241.  Section 2254 applies after conviction to persons in custody pursuant to a state court judgment.  Section 2241 habeas relief, on the other hand, is available to persons in custody irrespective of whether judgment has been entered.  Accordingly, the Court construes the instant Petition as one for relief pursuant to Section 2241.  *See Dickerson v. State of La.*, 816 F.2d 220, 224 (5th Cir. 1987).

### Background

Petitioner alleges that he was incarcerated on May 11, 2014, on charges of accessory after the fact of capital murder and credit card fraud. [1] at 1.  He claims that he was indicted on November 4, 2014.  According to Petitioner, he has been held at the Lauderdale County Detention

Facility for over fifteen months in violation of his Sixth Amendment right to a speedy trial. He asks this Court to either dismiss the criminal charges, or order a trial. [1-1] at 1.

Speedy Trial

Though Petitioner has the right to seek habeas relief in this Court pursuant to Section 2241, the availability of such relief is limited. *See Braden v. 30th Judicial Cir. Ct. of Ky.*, 410 U.S. 484, 488-90 (1973). "[F]ederal habeas corpus does not lie, absent 'special circumstances,' to adjudicate the merits of an affirmative defense to a state criminal charge prior to a judgment of conviction by a state court." *Id.* at 489. A petitioner is not permitted to derail "a pending state proceeding by an attempt to litigate constitutional defenses prematurely in federal court." *Id.* at 493.

The United States Supreme Court has drawn a distinction between a pretrial petitioner seeking to "abort a state proceeding or to disrupt the orderly functioning of state judicial processes" when litigating a speedy trial defense and a petitioner seeking only to enforce the state's obligation to bring him properly to trial. *Brown v. Estelle*, 530 F.2d 1280, 1283 (5th Cir. 1976)(internal quotation omitted). The Fifth Circuit has held that the distinction is based on the type of relief requested by the petitioner. *Id.* If the petitioner is attempting to prevent the prosecution of the case, then he is seeking to "abort a state proceeding or to disrupt the orderly functioning of state judicial processes." *Id.* If the petitioner is attempting to "force the state to go to trial," then he is merely seeking to force the state to fulfill its obligation to provide petitioner with a prompt trial. *Id.* "[A]n attempt to dismiss an indictment or otherwise prevent a prosecution is of the first type," and this "objective is normally not attainable through federal habeas corpus." *Id.*

In this case, Petitioner seeks dismissal of the charges, or in the alternative, a trial date. Petitioner's request for dismissal of the charges in his criminal case is clearly an attempt to

completely avoid prosecution. He seeks to "abort a state proceeding or to disrupt the orderly functioning of state judicial processes." *Id.* Petitioner may not obtain habeas relief to prevent the state criminal proceeding.

With respect to Petitioner's request for a trial date, before filing a petition for a writ of habeas corpus, a state prisoner must exhaust available state remedies. *See Dickerson*, 816 F.2d at 228. The claim must have been fairly presented to the highest state court to satisfy the exhaustion requirement. *See O'Sullivan v. Boerckel,* 526 U.S. 838, 845 (1999); *Morris v. Dretke*, 379 F.3d 199, 204 (5th Cir. 2004) (citing *Mercadel v. Cain*, 179 F.3d 271, 275 (5th Cir. 1999)). Generally, a habeas petition will be dismissed when the petitioner has not exhausted his claims in state court. *See Rose v. Lundy*, 455 U.S. 509, 519-520 (1982).

The State of Mississippi provides available remedies for a criminal defendant to assert that his constitutional right to a speedy trial has been violated. *See, e.g., Reed v. State*, 31 So. 3d 48, 56-57 (Miss. Ct. App. 2009)(finding criminal defendant may assert a demand for a speedy trial in the trial court and then is then required to obtain a pretrial ruling on that motion). Petitioner's pleadings fail to demonstrate that he has completed the exhaustion of his state court remedies for his speedy trial claim presented in this Petition. *See Dickerson*, 816 F.2d at 228. The Petition does not indicate that Petitioner has filed a motion for speedy trial in the trial court, or in any other manner sought relief in state court. Accordingly, Petitioner's speedy trial claim must be dismissed as unexhausted.

There are no "special circumstances" in this case warranting this Court's intervention. *Brown*, 530 F.2d at 1283. The Fifth Circuit has expressly held that the constitutional right to a speedy trial does not qualify as "a per se 'special circumstance' that obviates the exhaustion requirement." *Dickerson*, 816 F.2d at 227.

Conclusion

Petitioner has not presented an arguable claim for habeas corpus relief.  Therefore, this Petition is dismissed without prejudice.  A separate Final Judgment shall issue pursuant to Federal Rule of Civil Procedure 58.

SO ORDERED AND ADJUDGED, this the 24th day of September, 2015.

s/Carlton W. Reeves
UNITED STATES DISTRICT JUDGE